JEFFREY E. FAUCETTE (No. 193066)
SKAGGS FAUCETTE LLP
One Embarcadero Center, Suite 500
San Francisco, California 94111
Telephone:  (415) 315-1669
Facsimile:   (415) 433-5994
E-mail:  jeff@skaggsfaucette.com

Attorneys for Plaintiff COHESO, INC., D/B/A
MIRA BRANDS

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COHESO, INC. D/B/A MIRA BRANDS, a California corporation,<br><br>        Plaintiff,<br><br>v.<br><br>CAN'T LIVE WITHOUT IT, LLC D/B/A S'WELL BOTTLE, a Delaware limited liability company,<br><br>        Defendant. | Case No.: 3:17-cv-3381<br><br>**COMPLAINT FOR DECLARATORY RELIEF AND CANCELLATION OF TRADEMARK REGISTRATIONS** |

Plaintiff Coheso, Inc., d/b/a Mira Brands ("MIRA") by and for its complaint against Defendant Can't Live Without It, LLC d/b/a S'well Bottle ("S'well") alleges as follows:

<u>NATURE OF THE CASE</u>

1.     This is an action (a) for declaratory relief under 28 U.S.C. section 2201, and (b) for cancellation of U.S. Trademark Registrations No. 4,366,422 and No. 5,118,514.  MIRA seeks a declaration that S'well has no protectable interest in the bottle and cap configuration shown in U.S. Trademark Registrations No. 4,366,422 and No. 5,118,514 and that MIRA's products do not infringe the trade dress claimed by S'well.  MIRA further seeks cancellation of S'well's U.S. Trademark Registrations No. 4,366,422 and No. 5,118,514 because the trade dress is generic and/or the trade dress is functional.

<u>THE PARTIES</u>

2.     Plaintiff MIRA is a corporation organized under the laws of the state of California with its principal place of business at 5870 Stoneridge Mall Road, Suite 207, Pleasanton, California.

3.     Upon information and belief, Defendant S'well is a limited liability company organized under the laws of the state of Delaware with its principal place of business at 28 West 23rd Street, Floor 5, New York, New York.

<u>JURISDICTION AND VENUE</u>

4.     This Court has subject matter jurisdiction over this action pursuant to 15 U.S.C. section 1121, 28 U.S.C. sections 1331 and 1338, and 28 U.S.C. section 2201, *et seq*.

5.     Personal jurisdiction over S'well is proper in this District because S'well has purposefully availed itself of the benefits of this jurisdiction by, among other things, directing its products to be sold in California in the ordinary course of trade.  S'well has transacted and done business in California, has solicited customers in this District, has marketed its products in this District, and has asserted its trade dress rights in correspondence directed to MIRA in this District.

6.     Venue is proper within this district under the provisions of 28 U.S.C. sections 1391 and 1400, because MIRA's principal place of business is located within this District and S'well's

SKAGGS
FAUCETTE LLP

1  conduct necessitating this action has been directed at MIRA within this District.

2  <u>INTRA-DISTRICT ASSIGNMENT</u>

3      7.      This action is an intellectual property action within the meaning of Local Rule 3-

4  2(c) and therefore is not subject to intra-district venue provisions.

5  <u>FACTS COMMON TO ALL CLAIMS</u>

6      8.      MIRA makes a variety of lifestyle products that are sold under the brand names

7  MIRA, daisi, and Zell.  These products include water bottles, coffee and tea products, beauty

8  products, and kitchen and home essentials.

9      9.      MIRA's water bottles currently come in over 60 styles, sizes, colors, and

10  configurations.  MIRA's water bottles typically bear the brand name "MIRA" prominently placed

11  on the bottle.

12      10.    MIRA has sold its water bottles since August 2014.

13      11.    On or about April 26, 2017, S'well's Associate Counsel Miriam Kavalerchik sent a

14  letter directed to "General Counsel" of MIRA regarding the alleged "Infringement of S'well Trade

15  Dress by MIRA Brands."  In this letter, S'well asserted that it owns "proprietary and distinctive

16  trade dress" rights in the three-dimensional configuration of a bottle and cap design.  S'well's

17  letter included a copy of S'well's U.S. Trademark Registration No. 5,118,514, and examples of

18  three of MIRA's water bottle products.

19      12.    In the letter, S'well claimed that MIRA is offering for sale and selling "imitation

20  S'well bottles, thereby creating a false association in the consumer's mind regarding the source of

21  such imitation bottles."  S'well further claimed that MIRA is trading off the goodwill associated

22  with S'well and is creating a likelihood of confusion among consumers regarding the source of

23  MIRA's bottles.

24      13.    S'well asserts in the letter that MIRA's conduct "violates various federal and state

25  laws, constituting unfair competition, trademark infringement and other violations of law all of

26  which allow S'well to recover its actual damages, treble damages and disgorgement of any profits

27  MIRA has generated from the sales of [its products], in addition to an award of attorneys' fees for

28

SKAGGS
FAUCETTE LLP

1 | willful infringement.

2 | 14.   S'well demanded that MIRA stop selling its products, provide S'well with

3 | information regarding retailers carrying MIRA's products and manufacturers who produced

4 | MIRA's products, and destroy any remaining inventory in MIRA's possession.

5 | 15.   By letter dated May 9, 2017, outside counsel for MIRA responded to S'well's

6 | letter.  In this response, MIRA noted that S'well's purported trade dress is functional and not

7 | subject to protection under federal trademark law.  MIRA also noted that even if S'well's trade

8 | dress is protectable, there is no likelihood of confusion resulting from MIRA's sales of its water

9 | bottles which prominently bear the brand name MIRA.

10 | 16.   Subsequently, MIRA learned that S'well has recently filed two trade dress

11 | infringement lawsuits against two other makers of allegedly infringing water bottles.

12 | <u>FIRST CLAIM FOR RELIEF</u>

13 | (Declaratory Relief—No Protectable Interest)

14 | (28 U.S.C. §2201)

15 | 17.   The allegations of paragraphs 1 through 16 are incorporated herein by reference.

16 | 18.   An actual and justifiable controversy exists between the parties with respect to

17 | MIRA's right to sell water bottles that allegedly infringe S'well's purported trade dress rights.

18 | 19.   S'well asserts that it has acquired protectable trade dress as embodied in the

19 | product configuration of the bottle and cap design shown in trade dress Reg. Nos. 4,366,422 and

20 | 5,118,514.

21 | 20.   MIRA contends that S'well has not acquired any trade dress rights in the bottle and

22 | cap configuration shown in trade dress Reg. Nos. 4,366,422 and 5,118,514 because the trade dress

23 | is functional and/or generic.

24 | 21.   MIRA seeks declaratory relief pursuant to 28 U.S.C. section 2201 and Federal Rule

25 | of Civil Procedure 57, confirming that S'well has no protectable trade dress rights in the bottle and

26 | cap configuration shown in trade dress Reg. Nos. 4,366,422 and 5,118,514 because the trade dress

27 | is functional and/or generic.

28 |

SKAGGS
FAUCETTE LLP

## SECOND CLAIM FOR RELIEF

### (Declaratory Relief—Non-Infringement)

### (28 U.S.C. §2201)

22.     The allegations of paragraphs 1 through 16 are incorporated herein by reference.

23.     An actual and justifiable controversy exists between the parties with respect to MIRA's right to sell water bottles that allegedly infringe S'well's purported trade dress rights.

24.     S'well asserts that MIRA's use of water bottle configurations allegedly similar to S'well's purported trade dress infringes S'well's purported rights.

25.     MIRA asserts that there is no likelihood of confusion between MIRA's water bottles and S'well's purported trade dress and that MIRA's water bottles do not infringe any trade dress rights of S'well.

26.     MIRA seeks declaratory relief pursuant to 28 U.S.C. §2201 and Federal Rule of Civil Procedure 57, confirming that MIRA's use of water bottle configurations allegedly similar to S'well's purported trade dress does not infringe any trade dress rights of S'well.

## THIRD CLAIM FOR RELIEF

### (Cancellation of Registrations)

### (15 U.S.C. §1119)

27.     The allegations of paragraphs 1 through 16 are incorporated herein by reference.

28.     Pursuant to 15 U.S.C. section 1064, any person who believes he is likely to be damaged by registration of a mark may petition to cancel the registration.

29.     Pursuant to 15 U.S.C. section 1119, in any action involving a registered mark, the Court has the power to cancel the registration.

30.     S'well asserts that the product configuration embodied in the overall shape of the combined bottle and cap of its S'well bottle, as shown in its trade dress Reg. Nos. 4,366,422 and 5,118,514, has acquired distinctiveness and that MIRA has infringed the trade dress shown in these Registrations.

31.     The bottle and cap configuration covered by Reg. Nos. 4,366,422 and 5,118,514 is

SKAGGS
FAUCETTE LLP

generic and incapable of source identification because it is similar to bottle and cap configurations that have been used for decades.

32.     Given the prevalence of the metal bottle and cap configurations in the marketplace from various third-party sources since at least 2009, the bottle and cap configuration covered by Reg. Nos. 4,366,422 and 5,118,514 is generic and incapable of source identification and cannot qualify for trademark protection.

33.     Additionally, the bottle and cap configuration that is the subject of Reg. Nos. 4,366,422 and 5,118,514 is functional and incapable of receiving trademark protection.

34.     MIRA is being and will continue to be damaged by S'well's continued registrations of its bottle and cap configuration, Reg. Nos. 4,366,422 and 5,118,514, because S'well is asserting these registrations as the basis for a potential claim for trade dress infringement against MIRA.

35.     The configurations covered by Reg. Nos. 4,366,422 and 5,118,514 are not entitled to registration, and an order of this Court is warranted, on one or more of the grounds (generic and/or functional) set forth herein and as authorized by 15 U.S.C. section 1119, directing the Director of the United States Patent and Trademark Office to cancel Reg. Nos. 4,366,422 and 5,118,514.

## PRAYER FOR RELIEF

WHEREFORE, MIRA prays that this Court enter judgment in its favor on each and every claim for relief set forth above and award it relief including, but not limited to, the following:

1.     For a declaration that S'well has no protectable trade dress rights in the bottle and cap configuration as shown in Reg. Nos. 4,366,422 and 5,118,514;

2.     For a declaration that MIRA is not infringing any of S'well's purported trade dress rights in the bottle and cap configuration as shown in Reg. Nos. 4,366,422 and 5,118,514;

3.     For an order, certified to the Director of the United States Patent and Trademark Office, for cancellation of U.S. Reg. Nos. 4,366,422 and 5,118,514;

4.     For an award of attorneys' fees pursuant to 15 U.S.C. section 1117 because S'well's misconduct render this an "exceptional" case;

5.     For an award of costs; and

6.     For all other relief the Court deems just and proper.

Dated: June 12, 2017                          SKAGGS FAUCETTE LLP

By:  _____/s/_____
                                                            Jeffrey E. Faucette
                                                    Attorneys for Plaintiff COHESO, INC.

COMPLAINT FOR DECLARATORY RELIEF & CANCELLATION:         CASE NO. 3:17-cv-3381

SKAGGS
FAUCETTE LLP